UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANDREW G. CLARK,                                                                6:14-CV-1103-TC

                        Plaintiff,

                    v.                                                     FINDINGS and RECOMMENDATION

ERIK HASSLEMAN, District Attorney's
Office for Lane County Oregon, State of
Oregon; WELLS FARGO, N.A.; OGLETREE,
DEAKINS, NASH, SMOAK &
STEWART,P.C.; a South Carolina
Corporation;.
                                Defendants.

COFFIN, Magistrate Judge:

    Represented plaintiff brings several claims in this §1983 action against three defendants. He alleges violations of his First, Fourth, Sixth and Fourteenth Amendment rights under color of law by Assistant District Attorney Erik Hassleman, who brings the motion that is presently before the court. Hasselman moves to dismiss for failure to state a claim and prosecutorial immunity.

    For the reasons discussed below, the motion should be allowed and defendant Hassleman should be dismissed from this action.

Page 1 - FINDINGS and RECOMMENDATION

Standards

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009):

> As the Court held in <u>Twombly</u>, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

<u>Id.</u> at 1949.

DISCUSSION

As previously noted, Deputy District Attorney Hasselman moves to dismiss for failure to state a claim and prosecutorial immunity. Plaintiff failed to directly address the assertions related to the failures to state a claim in paragraphs 51 (c), 51 (f) and 51 (h) of the Amended Complaint and the motion should be allowed as to those paragraphs.

As for prosecutorial immunity, plaintiff does not challenge the concept that charging and post-charging conduct is generally entitled to prosecutorial immunity and defendant's application of such immunity. Plaintiff notes in a general fashion that pre-charging conduct can be outside the scope of prosecutorial immunity but does not specifically apply that to this action with any citation to the Amended Complaint, and as demonstrated by defendant Hasselman, the claims against defendant do not concern the pre-charging phase; in fact, the claims make no mention of defendant giving any pre-charging advice to anyone. Instead, the claims exclusively concern the charging and post-charging phases. Paragraphs 51 (a)-(h) of First Amended Complaint (#100).

Represented plaintiff requests in a general fashion in his opposition that if defendant's motion is allowed, he be allowed to amend the Amended Complaint under Fed. R. Civ. P. 15 (a) and that such Rule requires that leave to amend be "freely given." However, the Rule states that leave to amend should be freely given "when justice so requires" and that does not appear to be the case in the circumstances of this action. Plaintiff is free to file a motion for leave to amend if it is in compliance with the required federal and local rules.

## CONCLUSION

Defendant Hassleman's motion (#101) to dismiss should be allowed and defendant Hasselman should be dismissed from this action..

DATED this _____ day of February, 2016.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 3 - FINDINGS and RECOMMENDATION