IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW G. CLARK,

Plaintiff,

v.

ERIK HASSELMAN, District Attorney's
Office for Lane County, Oregon;
WELLS FARGO BANK, N.A.;
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., a South Carolina Corporation;

Defendants.

Civ. No. 6:14-cv-01103-TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge:

Defendant Wells Fargo Bank, N.A., ("Wells Fargo") moves to dismiss plaintiff Andrew

Clark's claims against it with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative,

to strike plaintiff's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(f).  (# 110).

Wells Fargo also filed a Request for Judicial Notice in Support of its Motion to Dismiss (# 112).

For the reasons set forth below, Wells Fargo's motion to dismiss plaintiff's claims against it with

prejudice (# 110) should be granted and Wells Fargo's Request for Judicial Notice of its Motion

to Dismiss for Failure to State a Claim (# 112) should be denied as moot.

1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

Plaintiff was employed by Wells Fargo as a mortgage originator from September 2009 until June 2011, when he was terminated for "repeatedly displaying unprofessional conduct." *Clark v. Wells Fargo Bank, N.A.* ("*Clark III*"), No. 3:13-cv-01546-AA, 2014 WL 2998600, *1 (D. Or. July 1, 2014). At some point during his tenure at Wells Fargo, plaintiff began compiling reports regarding the bank's alleged violations of the Sarbanes–Oxley and Frank–Dodd Acts, which he transmitted both internally and to various government agencies, including the Federal Bureau of Investigation and Central Intelligence Agency. *Id.* After being terminated from Wells Fargo in June 2011, plaintiff posted Wells Fargo's confidential and proprietary records, including private customer information, on his website. *Id.*

On July 18, 2011, the Eugene Police Department contacted plaintiff at his home because Wells Fargo reported that he was trespassing and had sent an email referencing genocide. *Id.* Police officers warned plaintiff to avoid Wells Fargo property in the future. On July 29, 2011, the police arrested plaintiff for second degree municipal trespass. *Id.* Plaintiff was held in the Lane County jail for 18 hours before being released and the trespass charge later being dismissed. *Id.*

In August 2011, Wells Fargo commenced a lawsuit seeking to enjoin plaintiff from publishing, controlling, disclosing, or retaining any of its equipment, confidential customer information, or trade secrets. *Id.* Plaintiff filed numerous motions, which, amongst other things, attacked Wells Fargo's counsel, Ogletree, Deakins, Nash, Smoak and Stewart, P .C. ("Ogletree"), and alleged that Wells Fargo was engaging in racketeering and retaliation; the court denied each of plaintiff's motions. *Id.* The court, however, permitted Wells Fargo to file documents reflecting plaintiff's inappropriate correspondences under seal. *Id.*

On October 5, 2012, after two hearings, the court granted summary judgment in favor of Wells Fargo and entered a permanent injunction. *See generally Wells Fargo Bank, N.A. v. Clark ("Clark I"),* 2012 WL 4794156 (D. Or. Oct. 5, 2012). At that time, the court held plaintiff in contempt for failing to "comply with standards of professionalism in all his communications with Wells Fargo and its counsel." *Id.* at 5–7. Plaintiff sent hundreds of emails and faxes to Ogletree, some of which were threatening and/or obscene, and all of which "had little to no bearing upon [any] legal issue between plaintiff and defendant," despite being repeatedly instructed by the court "to limit his communications to plaintiff's counsel's firm in Portland and to keep those to a strictly professional tone." *Id.* Thereafter, the court denied several motions for reconsideration filed by plaintiff. *See generally Wells Fargo Bank, N.A. v. Clark ("Clark II"),* 2013 WL 2038561 (D. Or. May 14, 2013).

On July 18, 2013, police officers arrived at plaintiff's home to interview him about certain faxes and emails he had sent Ogletree and one of its attorneys, Leah Lively. *Clark III,* 2014 WL 2998600, \*1. Although plaintiff denied that the communications at issue were threatening, officers warned him if he continued to communicate inappropriately with Ogletree and Lively, he may be criminally charged with stalking. *Id.* On July 23, 2013, plaintiff sent another fax to Ogletree and Lively in contravention of police orders. *Id.* On July 25, 2013, plaintiff was arrested and charged with ten counts of stalking; he was jailed for six days and released with an electronic ankle bracelet after posting bail. *Id.*

On August 3, 2013, plaintiff initiated the *Clark III* lawsuit against Wells Fargo, Ogletree, and Securitas Corporation ("Securitas"), as well as certain individually named employees, alleging: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) deprivation of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights in violation of

42 U.S.C. § 1983; (3) defamation; (4) violations of the Occupational Safety and Health Act ("OSHA"); (5) gross negligence; and (6) a conspiracy against his constitutional rights in violation of 18 U.S.C. §§ 241, 242. *Id.*

On January 9, 2014, Plaintiff entered into a plea agreement, which, in relevant part, precludes him from contacting Ogletree or its attorneys, except through counsel, for ten years. *Id.* On July 1, 2014, Wells Fargo's motion to dismiss was granted in the *Clark III* suit and the case was dismissed. *Id.* at 9. On July 16, 2014, plaintiff filed a motion to set aside the *Clark III* judgment alleging fraud upon the court. Plaintiff's motion was denied and on July 22, 2014, plaintiff appealed the dismissal. Pl.'s Resp. to Mot. to Dismiss 4, 9. However, on July 11, 2014, eleven days prior to filing the aforementioned motion and appeal to the *Clark III* judgment, plaintiff filed the immediate action against Wells Fargo; the City of Eugene, Oregon; Lane County, Oregon; the State of Oregon; Alex Gardner of the District Attorney's Office for Lane County, Oregon; Ogletree; and Eric Hasselman, of the Lane County District Attorney's Office. Pl.'s Compl. 1.

On August 4, 2014, Wells Fargo filed a motion to dismiss plaintiff's claims against it (# 10) and on November 24, 2014, this court ordered plaintiff to show cause why Well's Fargo's motion to dismiss should not be granted. (# 70). On December 9, 2014, plaintiff filed a motion objecting to this court's order to show cause (# 75) and on April 9, 2015, District Judge Michael McShane adopted this court's order to show cause "in full" and agreed with this court's view that "plaintiff's action can only be characterized as a nuisance lawsuit" and that this court's warning that his actions could subject him to contempt of court was "entirely appropriate." (# 87).

On December 24, 2014, plaintiff filed a motion for leave to file a FAC (# 76), which this court denied without prejudice because plaintiff's motion failed to comply with Local Rules

4 – FINDINGS AND RECOMMENDATION

("LR") 7-1(a) and 15-1(d)(1).  (# 86).  On May 1, 2015, plaintiff filed another motion for leave to file a FAC, this time including a copy of the proposed FAC, as well as all exhibits referenced by the FAC as LR 15(d)(1) requires.  (# 92).  On September 21, 2015, this court granted plaintiff's motion for leave to file a FAC (# 99) and on September 28, 2015, plaintiff filed the FAC (# 100) that is now before the court.  Plaintiff's FAC asserts two causes of action against defendants, the first of which, implicates only defendant Eric Hasselman, and makes no allegations against Wells Fargo.  FAC (# 100) at 9-10.  Plaintiff's second cause of action alleges, in relevant part, that Wells Fargo violated the RICO Act, 18 U.S.C. § 1962(c), by: (a) "transmitting a threat report to the Eugene Police Department on July 28, 2011 with no factual basis to support probable cause for arrest"; (b) commencing the *Clark I* suit against him; (c) conspiring with defendants Ogletree and Hasselman to deprive him of his equal protection rights between June 14, 2013 and January 9, 2014;[1] and (d) "commit[ting] at least two predicate acts constituting a 'pattern' of 'racketeering.'"  *Id.* at 10-12.  On November 16, 2015, Wells Fargo submitted the Motion to Dismiss (# 110) and Request for Judicial Notice (# 112) that are presently before the court.

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v.*

---

[1] Plaintiff's allegations in the FAC that correlate with the date range from June 14, 2013, to January 9, 2014, all relate to plaintiff's arrest, plea agreement, and conviction stemming from his stalking charges.  Pl.'s FAC (# 100) ¶¶ 31-46.

*Walters,* 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir.2011), *cert. denied,* 132 S.Ct. 2101 (2012).

## DISCUSSION

Wells Fargo moves the court for an order dismissing with prejudice plaintiff's claims against it under Fed. R. Civ. P. 12(b)(6) because: (1) plaintiff's claims against it are barred by the doctrine of *res judicata*; and (2) plaintiff cannot state a claim upon which relief can be granted. Wells Fargo's Mot. to Dismiss and Mot. to Strike 2. In the alternative, Wells Fargo moves the court to strike plaintiff's FAC pursuant to Fed. R. Civ. P. 12(f) because plaintiff's FAC is "materially different than the complaint the court granted plaintiff leave to file." *Id.*

### I.   Res Judicata

Plaintiff argues that its claims against Wells Fargo are not barred by *res judicata* because: (1) Wells Fargo already presented a *res judicata* argument in its prior motion to dismiss and the court allowed repleading; (2) the FAC alleges actions that occurred after the complaint in the *Clark III* lawsuit was filed, specifically that "the plea deal that resulted in Ogletree's dismissal from the prior action was a product of defendant's racketeering activity"; and (3) "the prior case was not litigated on its merits," which "led to the RICO claim being dismissed without addressing the merits." Pl.'s Resp. to Wells Fargo's Mot. to Dismiss 4.

Claim preclusion, otherwise known as *res judicata*, "bars all grounds for recovery that could have been asserted, whether they were or not, in a prior lawsuit between the same parties

on the same cause of action." *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 528-29 (9th Cir. 1998). The doctrine "conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Tahoe-Sierra Preservation Council, Inc., v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

"*Res judicata* is applicable whenever there is (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between parties." *Id.* (internal citation omitted). "Identity of claims exists when two suits arise from the same transactional nucleus of facts." *Id.* "'Unless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (quoting Fed. R. Civ. P. 41(b)). Finally, "a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which *res judicata* applies." *Communication Mgmt. Servs., LLC v. Qwest Corp.*, 67 F. Supp. 3d 1159, 1169 (D. Or. 2014) (quoting *Stewart*, 297 F.3d at 957).

Here, the court finds unpersuasive plaintiff's argument that his claims are not barred by *res judicata* simply because Wells Fargo already presented a *res judicata* argument in its prior motion to dismiss and the court allowed repleading. Plaintiff was allowed to replead in this case only after being ordered to show cause why defendants' motions to dismiss should not be granted because, as stated above, this court found that plaintiff's action can only be characterized as a nuisance lawsuit and warned that his actions could subject him to contempt of court. In so finding, this court noted that: (1) plaintiff's complaint did "not comply with the minimal pleading requirements of Federal Rules of Civil Procedure 8(a)"; (2) plaintiff had "not responded in any meaningful way to defendant's dispositive motions"; and (3) "the record before the court

7 – FINDINGS AND RECOMMENDATION

indicates that most if not all of plaintiff's claims are barred by *res judicata*." (# 70) at 1. Consequently, Wells Fargo's motion was denied without prejudice, until such time that plaintiff complied with this court's order. Accordingly, because Wells Fargo's motion was denied without prejudice, it has appropriately reasserted a *res judicata* defense here.

Similarly unpersuasive is plaintiff's argument that *res judicata* does not apply here because the FAC alleges actions that occurred after the complaint in the prior *Clark III* lawsuit was filed, specifically that the plea deal from the prior action was a product of Wells Fargo's alleged racketeering activity. An inspection of the *Clark III* opinion reveals that plaintiff filed a motion to augment the record in that case, which caused the court to consider whether Wells Fargo was responsible for any wrongdoing relating to plaintiff's plea deal. *See Clark III*, 2014 WL 2998600, *3 ("Clark also filed a motion with this court impugning his plea deal and indicating that he would appeal that conviction. *See generally* Pl.'s Mot. to Augment the Record."). Specifically, the *Clark III* court found there was no "indicat[ion] that Wells Fargo was responsible or involved in the charges Ogletree and Lively filed against him" and thus, any allegations of any "wrongdoing relating to this event are not plausible." *Id.* Moreover, the court found that "Clark's plea agreement, wherein [he] stipulated to one count of stalking, establishes that Ogletree's and Lively's complaints, as wells as the actions of law enforcement in charging him and taking him into custody, were legally valid." *Id.* Finally, the court found that plaintiff's "claims that are premised on his July 2013 interactions with the police and subsequent arrest and criminal conviction fail." *Id.*

Accordingly, because the *Clark III* court squarely addressed plaintiff's accusations against Wells Fargo relating to any wrongdoing in connection with his arrest, plea deal, and conviction, and found that Wells Fargo was not responsible or involved, *res judicata* precludes

re-litigation of those issues here. *Siegel*, 143 F.3d at 528-29; *Tahoe-Sierra Preservation Council, Inc.*, 322 F.3d at 1077.

Finally, this court finds unpersuasive plaintiff's argument that *res judicata* does not apply here because his RICO claim against Wells Fargo in *Clark III* was dismissed without reaching the merits. In addition to the *Clark III* court's findings stated above, the *Clark III* court also considered plaintiff's accusations that Wells Fargo violated RICO by "intentionally harassing him by malicious prosecution of groundless civil and criminal offenses" and found that plaintiff's "RICO claims are defective in many respects." *Clark III*, 2014 WL 2998600, 4. The *Clark III* court found that "Clark's claims are based, in part, on the alleged injustices he suffered pursuant to his previous litigation with Wells Fargo" in the *Clark I* and *Clark II* suits, however, "because those issues were previously litigated between the same parties and resulted in a final judgment, they cannot form the basis of this action." *Id.* at 4-5 (internal quotations omitted). Moreover, the *Clark III* court found that plaintiff "fails to evince a pattern of racketeering activity" and, therefore, could not "conclude that there is any continuing threat of criminal activity." *Id.* The *Clark III* court, therefore, granted Wells Fargo's Rule 12(b)(6) motion to dismiss plaintiff's RICO claims against it. *Id.* at 5. Accordingly, this court finds that plaintiff's RICO claim against Wells Fargo in *Clark III* was decided on the merits. Fed. R. Civ. P. 41(b); *Stewart*, 297 F.3d at 957; *Communication Mgmt. Servs., LLC*, 67 F. Supp. 3d at 1169.

Because plaintiff's claims in Clark III were decided on the merits, the only remaining issues are whether there is privity between parties and an identity of claims. *Tahoe-Sierra Preservation Council, Inc.*, 322 F.3d at 1077. It is undisputed that this action involves the same parties as the prior *Clark III* action against Wells Fargo. *See* Pl.'s Opp'n to Wells Fargo's First Mot. to Dismiss (#77), 10 ("plaintiff concedes that Wells Fargo N.A. was a party to the prior

9 – FINDINGS AND RECOMMENDATION

case 6:13-cv-01546-AA."). Accordingly, this court finds that there is privity between the parties. Moreover, plaintiff previously admitted that an identity of claims exists between the instant suit and the *Clark III* suit. *See Id.* ("Plaintiff concedes that the same facts and laws were at issue in the prior [*Clark III*] case."). However, to be sure, an inspection of the *Clark III* opinion and plaintiff's claims in the instant case confirms that an identity of claims exists.

As previously stated, in *Clark III* the court found that: (1) Wells Fargo is not responsible for any wrongdoing relating to plaintiff's arrests, plea deal, or conviction; (2) plaintiff's claims based on previous litigation with Wells Fargo could not form the basis of that action because those issues were previously litigated between the same parties and resulted in a final judgment; and (3) plaintiff failed to evince a pattern of racketeering activity. Similarly, plaintiff asserts here that Wells Fargo violated the RICO Act: (1) through alleged wrongdoing stemming from his arrests, plea deal, and conviction; (2) by commencing the *Clark I* suit against him; and (3) by committing at least two predicate acts constituting a pattern of racketeering.

Accordingly, because there is privity between the parties, an identity of claims, and a previous judgment on the merit of those claims, this court finds that *res judicata* precludes plaintiff's RICO claim against Wells Fargo here. As such, Wells Fargo's motion to dismiss plaintiff's claims against it with prejudice (# 110) should be granted and its motion to strike plaintiff's FAC should be dismissed as moot. Further, Wells Fargo's Request for Judicial Notice of its Motion to Dismiss for Failure to State a Claim (# 112) should also be dismissed as moot.

## CONCLUSION

For the reasons stated, Wells Fargo's motion to dismiss plaintiff's claims against it with prejudice (# 110) should be granted and its Request for Judicial Notice of its Motion to Dismiss for Failure to State a Claim (# 112) should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any,

are due fourteen (14) days from service of the Findings and Recommendation. If no objections

are filed, the Findings and Recommendation will go under advisement on that date. If objections

are filed, a response is due fourteen (14) days after being served with a copy of the objections.

When the response is due or filed, whichever date is earlier, the Findings and Recommendation

will go under advisement.

DATED this ___ day of April, 2016.

THOMAS M. COFFIN
United States Magistrate Judge

11 – FINDINGS AND RECOMMENDATION